**In the Matter of the Application for the DISCIPLINE OF Richard W. CUROTT, an Attorney at Law of the State of Minnesota.**

**No. C5-85-1907.**

Supreme Court of Minnesota.

Oct. 18, 1985.

## ORDER

The Board of Lawyers Professional Responsibility, through its Director, filed a petition for disciplinary action against the respondent, Richard W. Curott, alleging that he had failed to complete work for a client in a timely manner in violation of DR 6–101(A)(3) and DR 1–102(A)(5), Minn.Code of Prof.Resp. A second count in the petition alleged that the respondent had misrepresented to his client that no order had been received by a judge when he knew that the judge was awaiting further action from the respondent in violation of DR 1–102(A)(4) and DR 6–106(A)(3). The respondent, representing himself pro se, after being advised of all the procedural rights he enjoys under Rules 9, 10, and 14 of the Rules on Lawyers Professional Responsibility has entered into a stipulation with the Director calling for discipline. In this stipulation, the respondent has admitted that he was dilatory, without cause, in failing to prepare a supplemental affidavit and filing the same with the court in a grandparent visitation proceeding. Respondent further admits that he falsely represented to the client that no decision had been received from the court when, in fact, the judge was awaiting the affidavit respondent had yet to file before the judge would rule on the matter.

The court having considered the Director's petition and the stipulation between the Director and the respondent, and being otherwise advised in the matter,

IT IS HEREBY ORDERED:

1. That the respondent is hereby publicly reprimanded.

2. That the respondent shall pay to the office of the Director of the Lawyers Board of Professional Responsibility the sum of $500 in costs pursuant to Rule 24(a), Rules on Lawyers Professional Responsibility.

3. That from and after the date of this order, respondent shall be placed on probation for a period of two years pursuant to Rule 15, Rules on Lawyers Professional Responsibility. The terms of the probation shall be:

(a) Respondent shall abide by the Minn. Code of Prof.Resp. or such other rules governing attorney conduct as this court may promulgate. At all times he shall cooperate with the Director's investigation of any allegations of unprofessional conduct which have or may come to the Director's attention. Any admission by the respondent or a referee finding of further unprofessional conduct shall constitute conclusive evidence of a breach of this order.

(b) Within two weeks of the date of this order, respondent shall nominate an attorney acceptable to the Director who shall monitor respondent's compliance with the terms of probation. Failure to nominate a supervisor acceptable to the Director may result in the Director, at his option, appointing any licensed Minnesota lawyer to act as supervisor. Such supervisor shall file written reports with the Director at least quarterly, or at such other more frequent intervals as may reasonably be requested by the Director.

(c) Respondent shall report at least quarterly to the supervisor concerning the status of all matters being handled by him and concerning compliance with the terms and conditions of the probation.

(d) Respondent shall immediately initiate and continually maintain office procedures which insure there are prompt responses to correspondence, telephone calls and other important communications from clients, courts and other persons interested in matters which respondent is handling, and which will insure that respondent regularly reviews each and every file and completes legal matters on a timely basis.